**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOAN THOMAS, as ADMINISTRATOR of the ESTATE OF CHRISTOPHER THOMAS, | CIVIL ACTION NO. 3:25-CV-01116 |
| Plaintiff | (MEHALCHICK, J.) |
| v. | |
| PRIMECARE MEDICAL, INC., et al., | |
| Defendants. | |

## ORDER

Before the Court is Plaintiff Joan Thomas's ("Ms. Thomas") letter requesting guidance from the Court on outstanding discovery issues with Defendants Carbon County and PrimeCare Medical Inc. ("PrimeCare"). (Doc. 27). Ms. Thomas initiated this action on June 19, 2025, by filing a complaint alleging claims under 42 U.S.C. § 1983 against several correctional officer and PrimeCare medical staff employees (the "individual defendants"), Carbon County, and PrimeCare. (Doc. 1; Doc. 27, at 1). Ms. Thomas's claims arise from her husband, Christopher Thomas's ("Mr. Thomas") death by suicide on July 4, 2023, while he was detained at the Carbon County Correctional Facility ("CCCF"). (Doc. 1; Doc. 27, at 1). Ms. Thomas alleges that Carbon County and PrimeCare maintain policies, practices, and deficient training, supervision, and/or discipline regarding the protection of suicidal incarcerated individuals and the provision of adequate medical care. (Doc. 1, at 21; Doc. 7, at 1). In the instant letter, Ms. Thomas raises two outstanding discovery issues: (1) Carbon County's failure to respond to plaintiff's discovery requests and (2) PrimeCare's objection to producing documents regarding suicides at PrimeCare facilities outside of Carbon County. The Court will address each discovery issue in turn.

I.      **CARBON COUNTY'S FAILURE TO RESPOND TO THOMAS'S DISCOVERY REQUESTS.**

Ms. Thomas provides that Carbon County did not follow the discovery response timeline they provided to Ms. Thomas on March 20, 2026, and that Carbon County has not produced several categories of documents that are in its sole possession. (Doc. 27, at 2). On July 24, 2026, the Court held a status conference with counsel for Carbon County and counsel for Ms. Thomas, in which counsel for Carbon County agreed to provide all relevant and non-burdensome responses to Ms. Thomas's discovery requests by end of business that day. The Court set an additional status conference for Carbon County and Ms. Thomas on August 7, 2026, to resolve any discovery disputes that remain after Carbon County's production of documents. (Doc. 41).

II.     **PRIMECARE'S OBJECTION TO PRODUCING DOCUMENTS REGARDING SUICIDES AT PRIMECARE FACILITIES OUTSIDE CARBON COUNTY.**

Ms. Thomas provides that PrimeCare objects to responding to Ms. Thomas's request for information on the deaths in custody that have occurred at all correctional facilities in which PrimeCare has provided medical care for the past ten years. (Doc. 27, at 2). Upon PrimeCare's objection, Ms. Thomas offered to narrow the original request to information regarding deaths by suicide that occurred in PrimeCare facilities in Pennsylvania in the five years preceding Mr. Thomas's death. (Doc. 27, at 2-3). Ms. Thomas avers that both her initial and narrowed requests are relevant and proportional to her policy and practices claim against PrimeCare. (Doc. 27, at 3). PrimeCare contends that only deaths by suicide in Carbon County for the last five years are relevant. (Doc. 27, at 3).

Federal courts have broad discretion to determine the scope of discovery and to manage the discovery process. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987) ("The conduct of discovery is a matter for the discretion of the district court and its

decisions will be disturbed only upon a showing of an abuse of this discretion."). In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." *Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999). Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevance in this context has been 'construed broadly to encompass any matter that could bear on, or that could reasonably lead to other matter that could bear on, any issue that is or may be in the case.'" *United States ex rel. Bergman v. Abbott Labs.*, No. 09-4264, 2016 WL 4247429, at *2 (E.D. Pa. Aug. 11, 2016) (quoting *Oppenheimer Funds v. Sanders*, 437 U.S. 340, 351 (1978)). The scope of discovery is broad, but it is not unlimited. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Discovery should not serve as a fishing expedition. Fed. R. Civ. P. 26(b)(1); *see Upshaw v. Janssen Research & Development, LLC*, No. 11-7574, 2014 WL 1244047, at * 3 (E.D. Pa. Mar. 26, 2014).

Ms. Thomas alleges that PimeCare's policies, practices, and deficient training, supervision, and/or discipline directly and proximately caused the conduct of the individual defendants, the violations of Mr. Thomas's constitutional rights under the Eighth and Fourteenth Amendments, and Ms. Thomas's damages. (Doc. 1, at 21). As Mr. Thomas's death by suicide, the alleged conduct of the individual defendants, and the alleged constitutional violations all occurred at CCCF, the Court finds that the only relevant deaths that occurred while in custody at facilities where PrimeCare provided medical care are the deaths by suicide that occurred in Carbon County facilities where PrimeCare provided medical care for the five years preceding Mr. Thomas's death. Fed. R. Civ. P. 26(b)(1); *see Oppenheimer Funds*, 437 U.S. at 351; *see also United States ex rel. Bergman*, 2016 WL 4247429, at

3

*2. At this stage of discovery, Ms. Thomas's initial and narrowed requests for information regarding deaths in custody in all correctional facilities in which PrimeCare provides medical care and deaths by suicide in custody in Pennsylvania correctional facilities in which PrimeCare provides medical care are overly broad, unduly burdensome, and would amount to an improper fishing expedition.[1] *See* Fed. R. Civ. P. 26(b)(1); *see Upshaw*, 2014 WL 1244047, at * 3. Accordingly, the Court directs PrimeCare to narrow the scope of its discovery request to information regarding deaths by suicide that occurred in Carbon County facilities in which PrimeCare provided medical care in the five years preceding Mr. Thomas's death. Should PrimeCare's responses indicate that national or state-wide policies or practices may have proximately or directly caused the alleged violations of Mr. Thomas's constitutional rights, the conduct of the individual defendants, and/or Ms. Thomas's damages, then the parties may reopen this issue by filing a discovery letter with the Court.

**Dated: July 24, 2026**                    **BY THE COURT:**

*s/Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

---

[1] The Court notes that in some employment and Americans with Disabilities Act ("ADA") cases, courts find national practices or district-wide policies to be within the scope of discovery when decisions are made at a national or district-wide level, rather than at a facility-wide level. *See Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 63 (D.N.J. 1985); *see United States v. Nobel Learning Communities*, 329 F.R.D. 524, 530 (D.N.J. 2018); *see also Kresefky v. Commc'n and Sys. Co.*, 169 F.R.D. 54, 67 (D.N.J 1996). However, these employment and ADA cases are not persuasive because nothing in the complaint indicates that the alleged constitutional violations or damages resulted from state-wide or nationwide practices or policies of PrimeCare. (*See* Doc. 1).